[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: NOVEMBER 8, 1995 DATE OF APPLICATION: JANUARY 27, 1999 DATE APPLICATION FILED: UNKNOWN DATE OF DECISION: NOVEMBER 23, 1999
Application for Review of Sentence imposed by the Superior Court, Judicial District of New Haven.
Docket Nos. CR94-403308 and CR94-403309.
David Rozwaski, Esq. Counsel for Petitioner
Robert O'Brien, Esq. Assistant State's Attorney
Sentence Affirmed.
BY THE DIVISION
IANNOTTI, JUDGE.
The factual basis for the plea of guilty to the narcotics charge (C.G.S.) § 21a-277(a) was the sale of cocaine by the petitioner to an undercover police officer on two different occasions.
The court indicated a sentence of 15 years, execution suspended after 8 years incarceration, and 3 years probation would be imposed on the date of sentencing. The court indicated that the court would not be bound by the plea agreement in the event that the petitioner failed to appear on the date of sentencing.
The case was continued to June 25, 1995 for sentencing. On the designated date for sentencing, the petitioner failed to appear. Rearrests were ordered.
On November 8, 1995, the petitioner appeared before the court and entered a plea to a charge of wilful failure to appear in the first degree a violation of C.G.S. § 53a-172, (a class D felony).
CT Page 882 The court sentenced the petitioner to 10 years incarceration on the sale of narcotic charge and one year concurrent on the failure to appear charge. The net effective sentence was 10 years to serve incarcerated. The petitioner seeks review of this sentence.
Counsel for petitioner argued that petitioner was addicted to drugs at the early age of 13 years and never had an opportunity for a drug treatment program to alleviate the addiction. Counsel indicated that he would have asked for a drug program for the petitioner had the petitioner been present at time of original sentencing. Counsel indicated that the petitioner had two children living in the New Haven area and has obtained his GED. Counsel indicated that the petitioner does not want parol but instead seeks a probationary period with a condition of drug treatment.
Petitioner had nothing to add to his counsel's comments.
Counsel for the state indicated that any request for a probationary period with a drug treatment component should be reviewed by sentencing court, not the Division.
The petitioner's prior criminal history reflects at least four narcotics related felonies (not including the matter before this Division). It is also noteworthy that the petitioner did not appear on the date scheduled for sentencing and his subsequent conviction for failure to appear resulted in a one year concurrent sentence.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentences Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and dununciatgory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book §43-23 et seq. And Connecticut General Statute § 51-194 et seq.
In reviewing the record as a whole, this Division finds that CT Page 883 the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
MIANO, J.
KLACZAK, J.
IANOTTI, J.
Miano, J., Klaczak, J.. And Ianotti, J., participated in this decision